1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM M. DRAKE,                    No.  CIV. S-05-1503 MCE PAN

11          Plaintiff,

12      v.

13   WILLIAM BRUCE SMITH,              FINDINGS AND RECOMMENDATIONS

14          Defendant.

15   _____/

16          This matter came before the court on June 8, 2006, for hearing on plaintiff's motion for

17   entry of default judgment against defendant William Bruce Smith.  Charles L. Thoeming appeared on

18   behalf of plaintiff.  There was no appearance on behalf of defendant Smith.  Upon review of the motion

19   and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and

20   good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

21          Plaintiff filed this action to correct a patent owner's name on July 27, 2005.  Plaintiff

22   seeks a court order granting the motion for default judgment for an order of correction to U.S. Letters

23   Patent No. 6,752,566 to include the name of the plaintiff, pursuant to 35 U.S.C. § 256.[1]

24   _____

25      [1]  Title 35 U.S.C. § 256 provides:
              Whenever through error a person is named in an issued patent as

26      the inventor, or through error an inventor is not named in an issued
        patent and such error arose without any deceptive intention on his part,
        the Director may, on application of all the parties and assignees, with

1

1  Defendant was timely served process[2] but has not appeared in this action.[3]  Cf. Pacific

2  Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default

3  judgment void without personal jurisdiction).  The Clerk of Court entered defendant's default on

4  October 13, 2005.  Fed. R. Civ. P. 55(a).

5  Entry of default effects an admission of all well-pleaded allegations of the complaint by

6  the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).  Entry of

7  default judgment is proper where, as in the present case, the facts established by the default support the

8  causes of action pled in the complaint.  The complaint and the affidavits filed in support of the motion

9  for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in

10  the prayer for default judgment, which does not differ in kind from the relief requested in the

11  counterclaim complaint.  Henry v. Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir. 1974).  Defendant has

12  made no showing that his failure to defend was due to excusable neglect.  Although plaintiff has

13  provided no information as to the amount of money at stake, by this motion plaintiff does not seek to

14  void the patent; he seeks only an order adding his name as an inventor of Patent No. 6,752,566.

15  Plaintiff does not seek the recovery of lost profits or actual damages.  There are no policy

16  considerations to preclude the entry of default judgment of the type requested.  See Eitel v. McCool,

17  782 F.2d 1470, 1471-72 (9th Cir. 1986) (enumerating factors to be considered).

18

19  proof of the facts and such other requirements as may be imposed, issue
    a certificate correcting such error.

20  The error of omitting inventors or naming persons who are not

21  inventors shall not invalidate the patent in which such error occurred if it
    can be corrected as provided in this section.  The court before which such

22  matter is called in question may order correction of the patent on notice
    and hearing of all parties concerned and the Director shall issue a

23  certificate accordingly.

    Id.

24

25  [2]  Defendant was personally served in Marysville, California, on September 19, 2005.  See
    Return of Service filed September 23, 2005.

26  [3]  Although defendant filed a document entitled "General Denial" on October 12, 2005, such
    filing is not recognized in federal court.  "[A] defendant shall serve an answer . . . within 20 days after
    being served with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's May 10, 2006 motion for entry of default judgment be GRANTED.  A proposed judgment was filed by plaintiff on June 9, 2006 (docket no. 15) and is approved as to form and substance.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   June 12, 2006.

UNITED STATES MAGISTRATE JUDGE

001;drake.def